FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

99 AUG 16 AM 9: 34

U.S. DISTRICT COURT
N.D. OF ALABAMA

JENNIE LEIGH FRYE,

    Plaintiff,

vs.                                                CASE NO. CV-98-J-607-NW

JOHN FREEMAN, et al.,

    Defendants.

ENTERED

AUG 1 6 1999

## MEMORANDUM OPINION

Currently pending before the court is the defendants' motion for summary judgment
(doc. 22), to which the plaintiff filed a response in opposition ("plaintiff's response").
Thereafter, the defendants filed a reply to plaintiff's opposition. Both parties have also filed
evidentiary submissions in support of their respective positions.   The defendants having
requested oral argument on their motion for summary judgment, the court heard the same on
August 12, 1999, at which time all parties were present by and through their attorneys of
record. The court has reviewed the motion, the memoranda of law and the evidentiary
submissions of the parties and considered the arguments made at the hearing.

### I.  PROCEDURAL HISTORY

The plaintiff commenced this action on March 16, 1998 by filing a complaint (doc.
1) alleging that the defendants violated her Fifth, Eighth and Fourteenth Amendment rights
to the Constitution of the United States. The pleadings have now been refined to state solely
a Fourteenth Amendment claim against Lauderdale County, the county sheriff, the

36

administrator of the Lauderdale County Detention Center and the Assistant Director of the Lauderdale County Detention Center. Amended Complaint at ¶¶ 5-8. The basis of the plaintiff's allegations centers her incarceration for negotiating a worthless instrument. Amended Complaint at ¶ 10; plaintiff's depo. at 162. The plaintiff alleges that the defendants demonstrated deliberate indifference to her medical needs, in violation of the Fourteenth Amendment. This court notes that the county, as a defendant, has already been dismissed from this case, although the plaintiff named the same as a defendant in her later filed Amended Complaint. The motion for summary judgment on behalf of the county is due to be granted. *See* Memorandum Opinion of June 10, 1998 (doc. 6) at 5-8, citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989).

Similarly, the claims against the individual defendants in their official capacities were dismissed from this case in June, 1998, although the claims against them are again stated in the Amended Complaint. The motion for summary judgment on behalf of the individual defendants in their official capacities is due to be granted. Additionally, the plaintiff conceded during oral argument that she had no evidence of her claims against the sheriff or the county administrator as individuals. Therefore, the motion for summary judgment on behalf of the sheriff and the county administrator as individuals is due to be granted. Thus, the only issue left for this court in the defendants' motion for summary judgment is the plaintiff's claim of deliberate indifference to her medical needs, in violation of the Fourteenth Amendment against defendant John Tumlinson in his individual capacity. Based upon a

2

consideration of the pleadings, oral and written arguments of the parties and evidentiary

submissions, the court concludes that the motion for summary judgment is due to be granted.

## II. FACTUAL BACKGROUND

In the light most favorable to the plaintiffs, the facts of this case are as follows:   The

plaintiff alleges that during the booking process, she was questioned by officer Annessa Junt

regarding whether she had prescriptions for any medications.  Plaintiff's depo. at 164.  The

plaintiff had a prescription for one of her medications and the other medication with her.  She

states that the defendant took the prescription and had it filled for her.[1]  Plaintiff's depo. at

164-165.  Defendant Tumlinson was the shift supervisor on duty at the time.[2]  Depo. of

Plaintiff at 165.

The plaintiff informed the intake officer that she suffered from seizures.  Plaintiff's

depo. at 168.  The plaintiff states her sole complaint from the booking process was that she

was placed in a top cell.  Plaintiff's depo. at 171.  She further testified that she told Shana and

Annessa, the booking officers, that she wanted a bottom cell.  Plaintiff's depo. at 171.  The

---

[1]In her brief and at oral argument, the plaintiff's attorney argued that defendant
Tumlinson had actual knowledge of the plaintiff's seizure disorder because he took the
prescription and medication himself.  See plaintiff's response at 9.  No evidence of this has been
submitted to the court.  The most the plaintiff's deposition testimony shows is that someone from
the jail took her prescription and medication from her and had the prescription filled.  Plaintiff's
depo. at 164.

[2]Plaintiff's testimony is actually that the shift supervisor at the time was "John T."  When
asked whether John T. and John Tumlinson are one and the same person, the plaintiff responded
"Probably.  We – they didn't give us a lot of last names...."  Plaintiff's depo. at 165.

While the plaintiff's brief refers to "John Tumlinson" and "John Tomlinson", the
defendant refers to him as "Tumlinson."  Therefore, the court uses the defendant's spelling of
this defendant's last name.

plaintiff states that neither of the officers responded to her request for a bottom cell, although they did ask her if she had a problem sharing a cell with a woman who had allegedly murdered her own child. Plaintiff's depo. at 171-172. The plaintiff testified that "One of the officers had told the other officer what cell she was putting me in. She said that was on the top. And all I said was, due to my seizures, can I have a bottom cell." Plaintiff's depo. at 172-173.

Later jail records indicate that the plaintiff complained of difficulty in walking on March 14, 1996, when she was seen by a nurse after requesting mental counseling on March 13, 1996.[3] Plaintiff's Exhibit C. The plaintiff alleges she requested another medical slip on March 15, 1996, but did not receive one. Plaintiff's depo. at 196-197. Plaintiff began climbing the stairs to her top cell and next remembers lying on the floor at the bottom of the stairs. Plaintiff's depo. at199-202. The plaintiff was taken to a hospital emergency room, examined and released to police custody.[4] Depo. of plaintiff at 214. The records from the

---

[3]The plaintiff argues strenuously that the nurse that saw the plaintiff on March 14, 1996 was not yet an employee of the jail and that this nurse visit never occurred. However, the court finds this contention of the plaintiff's irrelevant to the plaintiff's contentions regarding deliberate indifference to serious medical needs. *See* plaintiff's response at 2-3.

[4]The plaintiff alleges that she suffered from a seizure, which caused her fall. Plaintiff's depo. at 202. She also alleges that she could not move her legs and had severe neck and back pain from this fall. Plaintiff's depo. However, the emergency room doctor who examined her on that occasion, Dr. Daniel D. Spangler, states by affidavit that he saw no objective signs that the plaintiff had recently had a seizure, saw no sign of confusion or disorientation that is expected with a recent seizure, and saw no bruises, cuts, fractures or abrasions on the plaintiff, despite her allegation of falling down a flight of metal steps onto a concrete floor. Affidavit of Dr. Spangler, Exhibit F to defendants' evidentiary materials (doc. 31). Furthermore, although the plaintiff stated at deposition that she was unable to move her legs, she never mentioned this horrible side-effect of her fall. The court finds that while the parties argue over whether the plaintiff actually had a seizure, this is not a fact which is material to whether or not the defendant exhibited intentional indifference to her medical condition. For purposes of this motion, the court assumes

4

emergency room state that the plaintiff "complains of lower back pain .... There has been no radiation of the pain. There has been no tingling, no numbness, no weakness. There has been no abdominal pain. States has had a mild seizure and fell down stairs at jail. Complains of neck and lower back pain." Exhibit H to plaintiff's evidentiary submissions. Plaintiff was discharged from the hospital and spent the next three weeks in a wheelchair, although the record is unclear as to why. Plaintiff's depo. at 214 to 215. This is especially confusing as Dr. Spangler states that the plaintiff was ambulating well before she left the emergency room the evening of her fall. Spangler affidavit, Exhibit F to defendant's evidentiary submissions, at 2.

After her fall, the plaintiff continued to complain of back pain. She was thus seen at MedPlus on April 5, 1996. A CT scan was performed on her on April 9, 1996 which revealed that the plaintiff had two bulging discs. Plaintiff's Exhibit K. The plaintiff alleges that this injury was caused by her fall at the jail, which in turn is the responsibility of the defendant because her request for a bottom cell was not honored. The plaintiff was apparently an inmate at the Lauderdale County Detention Center until September, 25, 1996, without any further incidents of injury.

### III. STANDARDS FOR EVALUATING SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving

---

that the plaintiff actually did have a seizure which caused her to fall down half a flight of steps.

party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986).   As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary
> judgment, after adequate time for discovery and upon motion, against a party
> who fails to make a showing sufficient to establish the existence of an element
> essential to that party's case, and on which that party will bear the burden of
> proof at trial.   In such a situation, there can be no genuine issue as to any
> material fact, since the complete failure of proof concerning an essential
> element of the non-moving party's case necessarily renders all other facts
> immaterial.

*Celotex Corp.,*  477 U.S. at 322-23.  The party asking for summary judgment always bears

the initial responsibility of informing the court of the basis for its motion and identifying

those portions of  the pleadings or filings which it believes demonstrates the absence of

genuine issues of material fact.  *Id.* at 323.  The burden then shifts to the nonmoving party

to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to

interrogatories, and admissions on file' designate 'specific facts showing that there is a

genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e).  In meeting this

burden the nonmoving party "must do more than simply show that there is a metaphysical

doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 586 (1986).  That party must demonstrate that there is a "genuine issue for trial."

Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249.  The

non-movant must "demonstrate that there is indeed a material issue of fact precluding

summary judgment." *Clark v.  Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).  A

factual dispute regarding a non-material issue will not preclude the defendant from

6

succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.,* 814 F.2d 607, 609 (11th Cir. 1987).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 47 U.S. at 251-252.

## IV. DISCUSSION

To get past the motion for summary judgment, the plaintiff must establish that the defendant Tumlinson had knowledge of her seizure condition, that a seizure condition is a serious medical condition and that Tumlinson acted with deliberate indifference to her condition. *Lancaster v. Monroe County, Alabama,* 116 F.3d 1419, 1425 (11th Cir.1997).

7

The plaintiff alleges that this deliberate indifference is exhibited through her placement in a top cell instead of a bottom cell as she requested at the time she was booked. However, the plaintiff has not submitted any evidence at all that defendant Tumlinson knew whether she was placed in an upper or lower cell. After her March 15, 1996 fall, the plaintiff was moved to a bottom cell.[5] Plaintiff's depo. at 221.

To establish that Tumlinson acted with deliberate indifference, the plaintiff must show that he knew that she was in serious need of medical care and failed or refused to obtain medical treatment for the plaintiff. *Lancaster*, 116 F.3d at 1425, citing *Hill v. DeKalb Regional Youth Detention Center*, 40 F.3d 1176, 1186 (11th Cir.1994). Case law has previously established that an official acts with deliberate indifference when he intentionally delays providing an inmate with access to medical treatment, knowing that the inmate has a life threatening condition or an urgent medical condition that would be exacerbated by delay. *Lancaster*, 116 F.3d at 1425. The plaintiff here has failed to establish that the booking officers failure to honor her request for a bottom cell amounts to defendant Tumlinson exhibiting deliberate indifference to her serious medical needs. The plaintiff has also failed to establish that a bottom cell is in the nature of "medical treatment" for a seizure condition. Especially compelling that the placement of the plaintiff in a top cell, assuming that Tumlinson was aware of the same, was not deliberate indifference to a serious medical need, was that she now resides in a two story apartment. Plaintiff's response at 5.

---

[5]While the plaintiff makes other allegations of deliberate indifference to her medical needs after the March 15, 1996 incident in her Amended Complaint, the court finds no evidence in support of these allegations, nor did plaintiff's counsel raise these contentions at oral argument.

In the facts before this court, the plaintiff received medical treatment every time she requested it. Furthermore, the Eleventh Circuit has stated that qualified immunity protects government officials from liability if their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known." *Lassiter v. Alabama A & M,* 28 F.3d 1146, 1149 (11th cir. 1994); citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant. *Lassiter,* 28 F.3d at 1150. The plaintiff has submitted no evidence that avoiding stairs is a medically recognized treatment for seizures.[6]

## V. CONCLUSION

In consideration of the foregoing, the Court finding that on the sole remaining claim against defendant Tumlinson, the defendant is entitled to summary judgment in his favor;

It is therefore **ORDERED** by the court that the defendants' motion for summary judgment be and hereby is **GRANTED.** The court finding no just cause for delay, this judgment is hereby made final as a matter of law pursuant to Rule 54(b), F.R.C.P.

**DONE** and **ORDERED** this the ___/3___ day of August, 1999.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

---

[6]Dr. Spangler, by his affidavit, states that he is not familiar with a restriction on seizure prone patients that against residing on the second floor of a building or against walking up and down stairs. Affidavit of Dr. Spangler at 2, Exhibit F to defendants' evidentiary submissions.